LASSÚS ET AL., PLAINTIFFS AND APPELLANTS, *v.* DUCRET ET AL.,
DEFENDANTS AND APPELLEES.

APPEAL from the District Court of San Juan, Section 1, in
an Action for the Division of Community Property and
Delivery of Inheritance with its Profits.

No. 1804.—Decided June 6, 1918.

COMMUNITY PROPERTY—PARTITION OF INHERITANCE—PROCEDURE.—When the al-
legations of a complaint do not determine an action *communi dividundo,*
but one of partition of inheritance, the action should be brought according
to the Act relating to special legal proceedings of 1905. The statutes
concerning community property and the partition of inheritance are distinct
and are found under Title III of Book Second and under Article 2, Chapter
VI, Title III, of the Civil Code.

The facts are stated in the opinion.

*Messrs. Enrique Rincón* and *R. Díaz Cintrón* for the ap-
pellants.

*Mr. José Martínez Dávila* for the appellees.

MR. CHIEF JUSTICE HERNÁNDEZ delivered the opinion of
the court.

On November 9, 1917, the plaintiffs brought suit in the
District Court of San Juan, Section 1, for the division of com-
munity property and the delivery of hereditary property
with its profits, the complaint alleging the following:

That Juan Bautista Lassús was first married to Casimira
Fernández, by whom he had a daughter named Carmen, who
married Crisanto Ducret and died leaving two children named
Luisa and Benito Aurelio Ducret Lassús.

That Lassús contracted a second marriage with Estéfana
Sánchez, who bore him two daughters named María Gabina
Antonia and Alina Concepción Carmen. The latter married
José Padró Gumá and died leaving as the issue of such mar-
riage five children named Clotilde, Carmen, Rafael, Mon-
serrate and Luz María Padró Lassús.

That Juan Bautista Lassús and Estéfana Sánchez died
respectively on February 15, 1892, and October 22, 1904,
without having made any will, leaving as their sole and uni-

versal heirs their aforesaid children and grandchildren, who were designated as such heirs by the district court.

That the only property left by Juan Bautista Lassús and Estéfana Sánchez consisted of a property of four acres of land, more or less, situated in the ward of Galateo of the district of Toa Alta, which is valued at $550 and was acquired during their wedlock.

That when Lassús died, his widow, Estéfana Sánchez, remained in charge of the property which was not partitioned, and at the death of Estéfana, Luisa and Benito Aurelio Ducret y Lassús and their father, Crisanto Ducret, remained in possession of the property and, notwithstanding the demands made by the plaintiffs, have taken no steps to effect a partition.

That the defendants have enjoyed the use of the said property for a period of not less than twelve years, receiving the products thereof of the estimated value of $4,800.

That one-third of one-half of the said property belongs to Luisa and Benito Aurelio Ducret y Lassús in equal parts; one-third of one-half, plus one-half of the other half, to María Gabina Antonia Lassús Sánchez, and a like share to the five children of Alina Concepción Carmen Lassús Sánchez in equal parts.

The complaint concludes with a prayer for judgment as follows: (1) That the said property be divided according to the proportionate share of each heir; (2) that the defendants be required to collate in the partition the sum of $4,800, the value of the products of the said property received by them; (3) that they deliver to the plaintiffs their respective shares according to the partition; (4) that the defendants pay the costs, expenses, disbursements and attorney fees.

The defendants demurred to the complaint on the ground that it did not state facts sufficient to constitute a cause of action, and after argument the court rendered judgment on December 29, 1917, sustaining the demurrer and dismissing the complaint with costs and disbursements against the

plaintiffs. An appeal was taken from that judgment by the attorney for the plaintiffs and it is now submitted to this court for consideration.

Having examined the allegations of the complaint in connection with its prayer, we find that the purpose of the plaintiffs is to procure a partition of the hereditary estate of the spouses Juan Lassús and Estéfana Sánchez. In their brief presented to this court they themselves expressly state the following:

"We are the owners in common with the defendants of an undivided property by title of inheritance, and our prayer is not for the recovery of an aliquot part of an undivided property by virtue of a hereditary title, but for a division of the community, to be made after a collation of the proceeds by adjudging and delivering to the plaintiffs their proportionate shares. This is not a suit in ejectment, but an action for the division of hereditary property. To be more explicit, it is a petition for inheritance."

Under the theory established by the plaintiff-appellants themselves, the allegations of the complaint do not constitute an action *communi dividundo*, but an action for the division of an inheritance, and in a case like the present such an action should be brought in accordance with the provisions of the act of 1905 relating to special legal proceedings. See our decisions in the cases of *Fernández* v. *Gutiérrez del Arroyo*, 10 P. R. R. 59; *López* v. *López*, 14 P. R. R. 634; *Trinidad et al.* v. *Succession of Trinidad et al.*, 19 P. R. R. 616; *Vega et al.* v. *Rodríguez et al.*, 21 P. R. R. 318.

The statutes relating to community property and the partition of hereditary property are to be found under Title III of Book Second and in section 2, Chapter VI, Title III, Book Third, of the Civil Code. The two subjects are distinct and should not be confused with each other.

Therefore, as we are of the opinion that this is not the proper action for the division of a community and the delivery of hereditary property, it is not necessary to consider, as does the trial judge in his opinion, whether or not suf-

ficient reasons exist for the collation into the partition of the $4,800 received by the defendants as the products of the property.

An appeal was taken also from an order made on January 8, 1918, or subsequent to the judgment, dissolving an attachment of defendants' property levied under bond by order of the court. The complaint having been dismissed, the attachment is superfluous.

For the foregoing reasons both the judgment of the District Court of San Juan, Section 1, of December 29, 1917, and the order dissolving the attachment of the property of the defendants should be

*Affirmed.*

Justices Wolf, del Toro, Aldrey and Hutchison concurred.